**SO ORDERED: April 4, 2018.**



_____

**James M. Carr**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MIREYA CASTILLO | ) | Case No. 17-08377-JMC-7 |
| f/k/a MIREYA CASTILLO-NUNEZ, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARIA DIAZ and BARKLEY GARCIA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 18-50017 |
| | ) | |
| MIREYA CASTILLO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS

THIS PROCEEDING comes before the Court on _Defendant's Motion to Dismiss_ filed by

Mireya Castillo ("Debtor") on February 15, 2018 (Docket No. 7) (the "Motion"). The Court,

having reviewed and considered the Motion, the _Brief in Opposition to Motion to Dismiss_ filed

by Maria Diaz and Barkley Garcia ("Plaintiffs") on March 14, 2018 (Docket No. 8) (the

"Response"), *Defendant's Response to Plaintiffs Brief in Opposition to Defendant's Motion to Dismiss* filed by Debtor on March 22, 2018 (Docket No. 9) (the "Reply"), and the *Complaint for Nondischargeability* filed by Plaintiffs on January 22, 2018 (Docket No. 1) (the "Complaint"), and being otherwise duly advised, now **DENIES** the Motion.

## *Positions of the Parties*

In the Motion, Debtor argues that Plaintiffs have failed to meet the pleading standard of Fed. R. Civ. P. 8(a)(2), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7008, by (1) failing to state with particularity the circumstances constituting fraud as required by Fed. R. Civ. P. 9(b), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7009; and (2) failing to make necessary allegations regarding the elements of 11 U.S.C. § 523(a)(2)(A).

Plaintiffs counter that this adversary proceeding is not alleging fraud – it alleges collateral estoppel, but under either theory the allegations of the Complaint, including the exhibit attached thereto, meet the appropriate pleading standard.

## *Standard of Review*

Debtor filed the Motion pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b).  Fed. R. Civ. P. 12(d), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b), provides that if "matters outside the pleadings are presented to and not excluded by the court," then the Motion must be treated as a summary judgment motion under Fed. R. Civ. P. 56.

In the Response, Plaintiffs go beyond the Complaint and the one exhibit attached thereto and rely on three additional exhibits.  In the Reply, Debtor likewise goes beyond the Complaint and relies on two additional exhibits.  Accordingly, the Court has two options:  (1) exclude the matters outside the pleadings and proceed with reviewing the Motion under Rule 12(b)(6); or

(2) treat the Motion as a motion for summary judgment and give all parties "a reasonable opportunity to present all the material that is pertinent" to the Motion.  Rule 12(d).

Because Plaintiffs did not request conversion of the Motion to a summary judgment motion in the Response, and Debtor did not seek alternative summary judgment relief in the Motion nor request conversion in the Reply, the Court declines to treat the Motion as a summary judgment motion, excludes the additional exhibits attached to the Response and the Reply, and considers the Motion under Rule 12(b)(6).

Courts review Rule 12(b)(6) motions as follows:

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit.  *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990).  In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Tamayo v. Blagojevich,* 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests."  *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570); *see also Tamayo,* 526 F.3d at 1082.  The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal,* 556 U.S. at 678–79; *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009).  Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense.  *Iqbal,* 556 U.S. at 679.

*Trustees of Teamsters Union Local No. 142 Pension Trust Fund v. Cathie's Cartage, Inc.*, 2013 WL 2402990 at *3 (N.D. Ind. 2013).

_Reasoning_

The first question in evaluating the Motion is whether the Complaint is a short, plain statement of Plaintiffs' claim showing that they are entitled to relief, and that Debtor was given fair notice of Plaintiffs' claim and the grounds therefor.  The second question is whether Plaintiffs have stated a plausible claim upon which relief can be granted.

The answer to both questions is "yes."  The Complaint, including the exhibit thereto, passes muster under Rules 8(a)(2), 9(b) and 12(b)(6).  The Complaint adequately makes a short and plain, specific and plausible statement for relief under 11 U.S.C. § 523(a)(2)(A), as interpreted in _Husky Int'l Elec., Inc. v. Ritz_, 136 S.Ct. 1581 (2016).

In denying the Motion, the Court makes no ruling on Plaintiffs' assertions that the default judgment entered against Debtor in state court is entitled to _res judicata_, collateral estoppel or other preclusive effect in this adversary proceeding.

Debtor shall file an answer or other responsive pleading to the Complaint allowed by the Federal Rules of Bankruptcy Procedure within fourteen (14) days after the entry of this order. The Court will schedule a telephonic status conference after the filing of such answer or responsive pleading.

IT IS SO ORDERED.

# # #